UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

UNITED STATES OF AMERICA ex rel.
PAUL DORSA,

    Plaintiff,                                                Civil Action No. 3:13-CV-01025

vs.                                                          HON. BERNARD A. FRIEDMAN

MIRACA LIFE SCIENCES, INC.,

    Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S
## MOTION TO STAY THIS ACTION AND TO COMPEL ARBITRATION

This matter is presently before the Court on defendant's motion to stay the proceedings and to compel arbitration [ECF 113]. Plaintiff has responded and defendant has replied. Pursuant to Fed. R. Civ. P. 78(b), the Court shall decide this motion without a hearing.

The court of appeals recently summarized the gist of this case, and the relevant procedural history, as follows:

> Paul Dorsa filed suit under the False Claims Act against Miraca Life Sciences, Inc., alleging unlawful retaliation. Miraca sought to dismiss the retaliation claim because Dorsa—a former Miraca executive—had agreed to binding arbitration as a provision of his employment agreement with the company. The district court denied Miraca's motion to dismiss because it found that the arbitration clause did not cover Dorsa's retaliation claim. Miraca appeals the district court's order and Dorsa seeks to dismiss the appeal. Because the district court's order was not a final order, and because the narrow provision of the Federal Arbitration Act that authorizes immediate appeals of certain interlocutory orders does not apply here, the court lacks jurisdiction.
>
> Dorsa was working as an executive of Miraca when he learned of a purported scheme to defraud the government. On September 20, 2013, Dorsa filed a qui tam action under seal against Miraca, alleging

two counts of violations of the False Claims Act ("FCA"), payment by mistake of fact, and unjust enrichment. Dorsa was fired on September 24, 2013, and his first amended complaint, filed under seal in November 2013, alleged an additional claim for retaliation under the FCA pursuant to *887 31 U.S.C. § 3730(h); so did his second amended complaint, which was filed under seal in March 2017. The United States intervened as a party in November 2018; the district court partially unsealed the case in January 2019; and Dorsa and the government dismissed the qui tam claims in May 2019.

Miraca then moved to dismiss the remaining retaliation claim "under Federal Rules of Civil Procedure 12(b)(1), (3), and (6), and the Federal Arbitration Act, 9 U.S.C. § 1 et seq." Miraca argued that Dorsa had failed to state a cause of action through the retaliation claim because Dorsa had "agreed to resolve all claims ... arising out of his employment through binding arbitration." Miraca also argued in the alternative that, because of the arbitration agreement, the district court did not have subject matter jurisdiction over the claim, and the suit had been brought in an improper venue.

The district court denied the motion to dismiss. The employment agreement's arbitration clause requires that,

> in the event of any dispute, claim or disagreement arising out of or in connection with this Agreement ... the parties shall first submit the dispute, claim or disagreement to non-binding mediation [and if that is unsuccessful,] ... then either party may submit the dispute, claim or disagreement to binding arbitration.

The district court held that the arbitration clause did not cover the FCA retaliation claim because "an FCA retaliation claim does not arise from, or have any connection with, an employment agreement, or any provision thereof, even if it may, as in the present case, have a connection with plaintiff's employment relationship." Miraca subsequently filed a notice of appeal stating that it was appealing "as a matter of right pursuant to 9 U.S.C. § 16 ... the Opinion and Order denying [its] Motion to Dismiss[,] ... which declined to require Plaintiff to pursue his retaliation claim in arbitration."

Dorsa filed a motion to dismiss the appeal for lack of jurisdiction, arguing that neither 28 U.S.C. § 1291 nor 9 U.S.C. § 16, a provision of the Federal Arbitration Act ("FAA"), "suppl[ies] jurisdiction here

2

> because Miraca filed a Rule 12(b)(6) Motion to Dismiss and never asked the District Court for a stay or an order compelling arbitration." A three-judge panel of this court issued an order noting that "[t]he denial of Miraca's motion to dismiss is not a final order," but otherwise referring the motion to dismiss the appeal to the merits panel.

*United States ex rel. Dorsa v. Miraca Life Scis., Inc.*, 983 F.3d 885, 886-87 (6th Cir. 2020). The court of appeals dismissed the appeal for lack of jurisdiction because defendant sought dismissal of the action, rather than a stay of proceedings while arbitration proceeded or an order compelling arbitration. *Id.* at 887-89.

On cue, defendant has now filed a motion "to stay this action and compel arbitration." Defendant makes the same argument as before, albeit with a different request for relief. Defendant again maintains that plaintiff's retaliation claim is covered by the arbitration clause in his employment agreement. Instead of seeking dismissal of plaintiff's complaint, defendant now asks that the Court "stay this action pursuant to Section 3 of the Federal Arbitration Act ("FAA") and compel arbitration pursuant to Section 4 of the FAA. 9 U.S.C. §§ 3, 4." Def.'s Mem. at 1 (ECF 114, PageID.1002). Plaintiff opposes the motion for the same reason as before, namely, that the arbitration clause does not apply to his retaliation claim because this claim has nothing to do with his employment *agreement*, even if it is related, in a broad sense, to his employment *relationship* with defendant.

The Court shall deny defendant's motion for same reasons as it indicated previously. As the Court explained in denying defendant's motion to dismiss,

> [d]efendant points to ¶ 5.10 of the parties' Employment Agreement, which states, in relevant part:
>
> **Dispute Resolution**. Except as provided below, in the

3

> event of any dispute, claim or disagreement arising out of or in connection with this Agreement, including, without limitation, the negotiation, execution, interpretation, performance or non-performance of this Agreement, the parties shall first submit the dispute, claim or disagreement to non-binding mediation [and if that is unsuccessful] . . . then either party may submit the dispute, claim or disagreement to binding arbitration administered by the AAA in accordance with the provisions of its Employment Arbitration Rules (the "Rules") and, except as otherwise provided in this Agreement, such arbitration shall be the sole means of dispute resolution.

Plaintiff acknowledges that he signed this agreement, but he argues that it does not apply to his FCA retaliation claim. While the parties' briefs discuss various issues relating to the arbitrability of plaintiff's remaining claim, the straightforward answer is provided by the Sixth Circuit's decision in *U.S. ex rel. Paige v. BAES vs. Tech. Sols. & Servs., Inc.*, 566 F. App'x 500 (6th Cir. 2014).

\* \* \*

The arbitration clause in the present case is slightly broader than those at issue in *Paige*. In *Paige*, the clause covered disputes "arising from this Agreement" and those "which arise[]under the terms of this Agreement," while the clause in the present case covers disputes "arising out of or in connection with this Agreement, including . . . the negotiation, execution, interpretation, performance or non-performance of this Agreement." Nonetheless, in both cases the clause fails to cover FCA retaliation claims because such claims have nothing to do with the employment agreements themselves. Rather, the FCA's anti-retaliation provision applies to all employees, regardless of whether they are working pursuant to an employment agreement, as well as to contractors and agents. That is to say, an FCA retaliation claim does not arise from, or have any connection with, an employment agreement, or any provision thereof, even if it may, as in the present case, have a connection with plaintiff's employment relationship, as it was his status as an employee that allowed him to learn of defendant's alleged violations of the FCA. Further, as in *Paige*, "the Employment Agreement nowhere refers to the FCA, retaliation or statutory claims," *Paige*, 566 F. App'x at 504,

4

> a fact the Sixth Circuit noted in further support of its conclusion that the arbitration clause did not cover the FCA retaliation claims in that case. Defendant's argument might well have prevailed if the arbitration clause were worded more broadly to encompass "any dispute between us" or "any dispute having any connection with our employment relationship." But it is not for the Court to rewrite such clauses. Rather, the Court enforces them as written by the parties themselves, and the arbitration clause in the present case, which covers only disputes arising from or connected with the Employment Agreement, plainly does not cover plaintiff's FCA retaliation claim.

Op. & Order Denying Def.'s Mot. to Dismiss at 2, 6-7 (footnote omitted) (ECF 103, PageID.867, 871-72).

The Court stands by this ruling and denies the instant motion for the same reasons. Plaintiff's retaliation claim is not a claim the parties agreed to arbitrate. They agreed to mediate, and then arbitrate, "any dispute, claim or disagreement arising out of or in connection with this Agreement." Plaintiff's retaliation claim does not "aris[e] out of or in connection with" the parties' Employment Agreement because the claim has nothing to do with the parties' agreement. Rather, plaintiff claims that defendant discharged him in retaliation for filing an FCA claim. The parties' Employment Agreement is not implicated.

This alone settles the issue of whether plaintiff's claim is subject to the parties' arbitration agreement. Any lingering doubt is eliminated by the "carve out" sentence in the agreement's Dispute Resolution section, which states:

> Notwithstanding anything in this Section 5.10 to the contrary, each party shall be entitled to seek injunctive or other equitable relief in any court of competent jurisdiction without first submitting the matter to mediation or arbitration in accordance with the provisions of this Section 5.10, even if a similar or related matter has already been referred to mediation or arbitration in accordance with the terms of this Section 5.10.

Def.'s Mem. Ex. 1 (ECF 114-1, PageID.1026). Plaintiff seeks equitable relief (front and back pay) to remedy his retaliation claim. *See* Second Am. Compl. at 45-46 (ECF 59, PageID.346-47). Even if this claim were subject to the mediation/arbitration provision of the parties' Employment Agreement, they expressly agreed that either party could seek injunctive or equitable relief without first submitting the matter to these alternative dispute resolution procedures. The arbitration agreement simply does not apply to plaintiff's retaliation claim.

The Court also rejects defendant's argument that the issue of arbitrability itself should be arbitrated. Defendant waived this argument by not presenting it in its motion to dismiss. In that motion, defendant sought dismissal of the complaint and argued that the Court should determine the arbitrability of plaintiff's claim. It is too late now for defendant to change its tack and argue instead that an arbitrator must make this determination and that the Court, in fact, lacks authority to do so. *See Forby v. One Techs., L.P.*, 909 F.3d 780 (5th Cir. 2018) (defendant's right to compel arbitration deemed waived where defendant unsuccessfully sought dismissal, caused plaintiff significant delay and litigation expense, and then sought to compel arbitration); *In re Mirant Corp.*, 613 F.3d 584 (5th Cir. 2010) (same).

Even if defendant had not waived this argument, it fails on the merits. Defendant relies on the Sixth Circuit's recent decision in *Blanton v. Domino's Pizza Franchising LLC*, 962 F.3d 842, 846 (6th Cir. 2020), for its statement that if an arbitration clause indicates that arbitration will proceed in accordance with the rules of the American Arbitration Association ("AAA"), this "provides 'clear and unmistakable' evidence that the parties agreed to arbitrate 'arbitrability.'" But the arbitration agreement in the present case is distinguishable from those in *Blanton* because here the parties specifically exempted requests for "injunctive or equitable relief" from the clause

6

requiring arbitration in accordance with AAA rules.[1]  In *Blanton*, the court of appeals noted that "some courts have read similar provisions more narrowly when an arbitration agreement carves out certain claims from the very provision that incorporates the AAA Rules," 962 F.3d at 847, citing *Archer & White Sales, Inc. v. Henry Schein, Inc.*, 935 F.3d 274 (5th Cir. 2019), as an example.

The arbitration agreement in the present case bears a much closer resemblance to the one in *Henry Schein* than to either of the agreements at issue in *Blanton*. In *Henry Schein*, the critical clause stated, "[a]ny dispute arising under or related to this Agreement (except for actions seeking injunctive relief and disputes related to trademarks, trade secrets, or other intellectual property of Pelton & Crane), shall be resolved by binding arbitration in accordance with the arbitration rules of the American Arbitration Association." 935 F.3d at 277. Interpreting this clause, the Fifth Circuit stated:

> We cannot re-write the words of the contract. The most natural reading of the arbitration clause at issue here states that any dispute, except actions seeking injunctive relief, shall be resolved in arbitration in accordance with the AAA rules. The plain language incorporates the AAA rules—and therefore delegates arbitrability—for all disputes except those under the carve-out. Given that carve-out, we cannot say that the Dealer Agreement evinces a "clear and unmistakable" intent to delegate arbitrability. . . . The

---

[1] Two similar arbitration agreements were at issue in *Blanton*, one signed by plaintiff Harley Blanton and another signed by plaintiff Derek Piersing. Blanton's agreement required the arbitration of all "covered claims" (defined in section II.A.), but did not apply to "claims excluded" (defined in section II.B.). Section III of the agreement stated that "any arbitration pursuant to the Arbitration Agreement shall be initiated with and conducted by the American Arbitration Association ('AAA') . . . in accordance with the Employment Arbitration Rules." *Blanton v. Domino's Pizza Franchising LLC*, No. 18-cv-13207 (E.D. Mich.) (ECF 61-3, PageID.974-76). Likewise, Piersing's agreement required arbitration of all covered claims, which were identified in section 2. "Claims not covered" were identified in section 3. Section 4 of the agreement stated that "[t]he American Arbitration Association ('AAA') will administer the arbitration and the arbitration will be conducted in accordance with then-current AAA National Rules for the Resolution of Employment Disputes ('AAA Rule')." *Id.* ECF 61-4, PageID.982).

7

> parties could have unambiguously delegated this question, but they did not, and we are not empowered to re-write their agreement.

935 F.3d at 281-82. Because plaintiff sought damages and injunctive relief, *see id.* at 277, the court of appeals concluded that the parties had not agreed to arbitrate the arbitrability of plaintiff's claim.

Just as in *Henry Shein*, the parties in the present case drafted their arbitration agreement to specifically exempt certain disputes – namely, those in which a party seeks injunctive or equitable relief – from arbitration in accordance with AAA rules. The agreement requires arbitration "[e]xcept as provided below . . . [to be] administered by the [AAA]," and later in the same paragraph the exception is plainly described as actions in which either party seeks injunctive or equitable relief. This wording of the parties' agreement aligns this case with *Henry Shein* and distinguishes it from *Blanton*.

The Supreme Court has stated that "[c]ourts should not assume that the parties agreed to arbitrate arbitrability unless there is clear and unmistakable evidence that they did so," *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995) (alterations omitted), and that "[u]nless the parties clearly and unmistakably provide otherwise, the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator." *AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986). In the present case, the Court concludes that there is no "clear and unmistakable evidence" that the parties agreed to arbitrate the issue of whether a claim seeking injunctive or equitable relief is arbitrable. To the contrary, the parties specifically exempted such claims from arbitration. Therefore, this issue is for the Court to decide. And for the reasons stated above, the Court finds plaintiff's FCA retaliation claim to be non-arbitrable under the parties' agreement. Accordingly,

8

IT IS ORDERED that defendant's motion to stay this action and compel arbitration is denied.

                                               s/Bernard A. Friedman
                                               BERNARD A. FRIEDMAN
                                               SENIOR UNITED STATES DISTRICT JUDGE
                                               SITTING BY SPECIAL DESIGNATION

Dated: February 22, 2021
       Detroit, Michigan