UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

UNITED STATES OF AMERICA ex rel.
PAUL DORSA,

    Plaintiff,                                          Civil Action No. 3:13-CV-01025

vs.                                                  HON. BERNARD A. FRIEDMAN

MIRACA LIFE SCIENCES, INC.,

    Defendant.
_____/

**OPINION AND ORDER GRANTING**
**DEFENDANT'S MOTION FOR A STAY PENDING APPEAL**

This matter is presently before the Court on defendant's motion for a stay pending appeal [docket entry 121]. Plaintiff has filed a response in opposition. Pursuant to Fed. R. Civ. P. 78(b), the Court shall decide this motion without a hearing.

Defendant seeks to stay the proceedings in this matter pending its appeal of the Court's order denying its motion to compel arbitration. Defendant filed a nearly identical motion to stay earlier in this case, when it appealed the Court's denial of its motion to dismiss. *See* docket entry 105. In granting that motion for a stay pending appeal, the Court stated:

> Defendant asserts that "[a]lthough the Sixth Circuit has yet to rule on whether an automatic stay takes effect upon the appeal of a district court's order declining to enforce the parties' arbitration agreement, the majority of circuit courts analyzing the issue have found that it does." Def.'s Mot. at 2. Plaintiff agrees with this statement but notes that "the Second, Fifth, and Ninth Circuits have held to the contrary." Pl.'s Resp. at 2. This Court has also noted the absence of Sixth Circuit authority on this issue. *See Tillman v. Macy's Inc.*, No. 11-10994, 2012 WL12737, at *2 (E.D. Mich. Jan. 4, 2012) (Cox, J.).

> The Court need not decide whether to follow the majority or

minority view on this issue because purely practical reasons counsel in favor of staying proceedings under the circumstances of this case. As the Seventh Circuit has stated,

> [c]ontinuation of proceedings in the district court [pending an interlocutory appeal] largely defeats the point of the appeal and creates a risk of inconsistent handling of the case by two tribunals. . . . Arbitration clauses reflect the parties' preference for non-judicial dispute resolution, which may be faster and cheaper. These benefits are eroded, and may be lost or even turned into net losses, if it is necessary to proceed in both judicial and arbitral forums, or to do this sequentially. The worst possible outcome would be to litigate the dispute, to have the court of appeals reverse and order the dispute arbitrated, to arbitrate the dispute, and finally to return to court to have the award enforced. Immediate appeal under § 16(a) helps to cut the loss from duplication. Yet combining the costs of litigation and arbitration is what lies in store if a district court continues with the case while an appeal under § 16(a) is pending.

*Bradford-Scott Data Corp. v. Physician Comput. Network, Inc.*, 128 F.3d 504, 506 (7th Cir. 1997). Simply put, both the parties' and the court's resources are potentially wasted if the district court permits the parties to continue litigating pending an appeal from an order denying a motion to compel arbitration or, as here, to dismiss the complaint on the grounds that arbitration is plaintiff's sole remedy. A frivolous interlocutory appeal does pose a risk of unfairly delaying proceedings in the district court, *see McCauley v. Halliburton Energy Servs., Inc.*, 413 F.3d 1158, 1161-62 (10th Cir. 2005), but the Court does not find the appeal in the present case to be frivolous. In any event, the Court is confident that the appeal will be decided promptly and that any delay caused by the appeal will be minimal.

Docket entry 111 at 2-3.

The same reasoning applies now, following defendant's appeal of the Court's denial of its motion to compel arbitration, just as it did following defendant's appeal of the Court's denial of its motion to dismiss. Accordingly,

2

IT IS ORDERED that defendant's motion for a stay pending appeal is granted.

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE
SITTING BY SPECIAL DESIGNATION.

Dated: April 2, 2021
Detroit, Michigan

3