IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* PAUL DORSA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MIRACA LIFE SCIENCES, INC., )<br>)<br>Defendant. ) | Civil Case No. 3:13-cv-01025<br><br>Judge Campbell<br>Magistrate Judge Frensley |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant Miraca Life Sciences, Inc. ("Defendant" or "Miraca") files this Motion for Summary Judgment on Plaintiff Paul Dorsa's single, remaining retaliation claim under the False Claims Act ("FCA"). Pursuant to Local Rule 56, this Motion is based on Defendant's supporting Memorandum of Law, Defendant's Statement of Undisputed Material Facts, and the accompanying exhibits.

Plaintiff alleges that Miraca terminated him in retaliation for purportedly raising a series of "concerns" to the company about its electronic medical records ("EMR") donations and its meaningful use consulting program. The undisputed facts, however, establish that Plaintiff's termination was not a pretext; Miraca terminated Plaintiff in September 2013 for a legitimate, non-retaliatory reason, following an investigation that determined that Plaintiff engaged in sexual harassment against a female subordinate, in violation of the company's code of conduct. Plaintiff admitted to harassing conduct during discovery, and his victim confirmed it.

1

Defendant is entitled to summary judgment as a matter of law because Plaintiff cannot establish a *prima facie* case of retaliation under the FCA. First, Plaintiff cannot establish that he engaged in "protected activity" under the FCA. Plaintiff bases his claim on raising "concerns" to Miraca, but he has not identified specific statements he made, to whom, or when, that would satisfy the Sixth Circuit's standard for "protected activity," or that he made Miraca aware of "his intentions of bringing or assisting in an FCA action." *United States v. Walmart Stores East, LP*, 858 Fed. Appx. 876 (6th Cir. 2021). He has also not produced written communications to Miraca that meet this standard. While he contends that he submitted, by phone, an anonymous report to the company's compliance hotline on the eve of filing this lawsuit, that report also does not constitute protected activity in the Sixth Circuit.

Second, the undisputed facts demonstrate that Miraca did not know that Plaintiff engaged in protected activity under the FCA when it terminated Plaintiff. Dr. Frank Basile, Miraca's then-CEO, who made the decision to terminate Plaintiff, even at the time of this decision, stated that he did not understand Plaintiff's vague concerns. Mr. John Rasmussen, the company's Chief Compliance Officer, and Mr. Russell Farr, the company's General Counsel, did not recall Plaintiff making statements that would constitute protected activity. The undisputed facts further show that, to the extent Plaintiff urged compliance with the safe harbor for EMR donations, he did not exceed the scope of his compliance function of his job as the leader of the sales team and an executive responsible for approving EMR donations. *See Fakorede v. Mid-South Heart Ctr., P.C.*, 182 F. Supp. 3d 841, 848 (W.D. Tenn. 2016) (finding that an employee complaint must be "outside the employee's scope of employment," "must do more than simply urge compliance" with regulations, and exceed "merely reporting wrongdoing to supervisors."); *United States ex rel. Seabury v. Cookeville Reg'l Med. Ctr. Auth.*, 2021 U.S. Dist. LEXIS 192916, *27 (M.D. Tenn. Oct. 6, 2021)

(stating an employee must put the employer on notice that the employee was "trying to stop it from violating the False Claims Act and not merely doing [their] job").

Third, Miraca terminated Plaintiff for a legitimate, non-retaliatory reason and not because of any protected activity. Miraca terminated Plaintiff after an investigation into allegations of sexual harassment against Plaintiff, which commenced on August 28, 2013, weeks before his anonymous EthicsPoint report. The investigation resulted in an investigation report that detailed Plaintiff's improper conduct toward his subordinate employee. Dr. Basile testified that terminated Plaintiff because Miraca could not employ senior executives who engage in the behavior detailed in Mr. Rasmussen's report. Dr. Basile testified that he decided to terminate Plaintiff because of the sexual harassment there were questions around his performance. Miraca therefore had a legitimate, non-retaliatory reason for Plaintiff's termination, and Plaintiff cannot overcome this reason and show that it was a pretext for his termination.

For these reasons, and the reasons set forth in Defendant's Memorandum of Law, Defendant respectfully requests that the Court grant Defendant's Motion for Summary Judgment.

Respectfully Submitted,

**BASS, BERRY & SIMS PLC**

*/s/ Matthew M. Curley*
Matthew M. Curley, *Esq.*
Bass, Berry & Sims PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
(615) 742-6200
mcurley@bassberry.com

**MINTZ, LEVIN, COHN, FERRIS, GLOVSKY & POPEO, P.C.**

Brian Dunphy, *Esq.*
Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C.
One Financial Center
Boston, MA 02111
(617) 348-1810
BDunphy@mintz.com

David Barmak, *Esq.*
Danielle Bereznay, *Esq.*
Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C.
555 12th Street NW, Suite 1100
Washington, D.C. 20004
(202) 434-7300
DBarmak@mintz.com
DMBereznay@mintz.com

*Counsel for Defendant Miraca Life Sciences*

## **CERTIFICATE OF SERVICE**

       The undersigned hereby certifies that a true and correct copy of the foregoing has been served via ECF on the following counsel of record, this the 6th day of October, 2023:

James F. Sanders
William T. Ramsey
Nathan C. Sanders
1201 Demonbreun St., Suite 1000
Nashville, TN 37203
Telephone: (615) 244-1713
Facsimile: (615) 726-0573
jsanders@nealharwell.com
wtr@nealharwell.com
nsanders@nealharwell.com

                                                          /s/ Matthew M. Curley

5

Case 3:13-cv-01025    Document 190    Filed 10/06/23    Page 5 of 5 PageID #: 2058