IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. PAUL DORSA, | ) ) ) | |
| Plaintiff, | ) ) | NO. 3:13-cv-01025 |
| v. | ) ) ) | JUDGE CAMPBELL MAGISTRATE JUDGE FRENSLEY |
| MIRACA LIFE SCIENCES, INC., | ) ) | |
| Defendant. | ) | |

## ORDER

Pending before the Court is Defendant Miraca Life Sciences, Inc.'s motion to permit Miraca's witness Kate Gersuk to testify remotely by videoconference (Doc. No. 292), Plaintiff Paul Dorsa's response in opposition (Doc. No. 299), and Miraca's reply. For the reasons stated herein, the motion to permit remote testimony is **GRANTED**.

Kate Gersuk is a former Miraca employee who was the subject of a sexual harassment investigation involving Plaintiff Paul Dorsa. Her testimony was the subject of several motions in limine. The Court denied Plaintiff's motion to exclude Ms. Gersuk as a witness, denied motions to categorically exclude other aspects of her testimony, and ordered that the parties may raise contemporaneous objections to specific testimony during the trial.

At the pretrial conference on December 2, 2024, the Court was informed that Ms. Gersuk, who currently resides in Texas, has expressed reluctance to travel to Nashville to testify in-person due to concerns related to her mental health. Counsel for Defendant stated that, although Ms. Gersuk was initially willing to testify voluntarily, she had become anxious about testifying and had retained her own attorney. Based on these developments, Defendant

delivered a trial subpoena to Ms. Gersuk on November 27, 2024. According to representations by counsel, Ms. Gersuk later advised that she was willing to testify via videoconference and that remote testimony would alleviate her concerns about appearing in person. The instant motion to allow Ms. Gersuk to testify remotely by videoconference followed.

Federal Rule of Civil Procedure 43(a) allows the Court to permit "testimony in open court by contemporaneous transmission from a different location" "[f]or good cause in compelling circumstances and with appropriate safeguards." Defendant asserts that Ms. Gersuk's mental health is a compelling circumstance for which there is good cause to allow her to testify remotely.

Plaintiff argues remote testimony should not be allowed because Defendant failed to timely serve Ms. Gersuk with a subpoena in compliance with Local Rule 39.01(f), which requires subpoenas to be served fourteen days before the trial. By this rule, Ms. Gersuk was served one day late. Plaintiff further argues that Defendant should have anticipated that Ms. Gersuk would become reticent to testify and should have preserved her testimony through deposition in advance of trial.

The Court finds good cause and compelling circumstances to allow Ms. Gersuk to testify via videoconference at trial. The Court notes that although Plaintiff complains that Ms. Gersuk was subpoenaed one day late, neither the parties nor Ms. Gersuk have filed motions related to the late service. Ms. Gersuk has not moved to quash the subpoena and indicates that she is willing to testify via videoconference. Ms. Gersuk's mental health and out-of-state residence justify allowing her to testify remotely.

Accordingly, the motion to permit Ms. Gersuk to testify remotely via videoconference is **GRANTED**. The parties are **ORDERED** to meet and confer regarding appropriate

safeguards for such testimony and to file a notice of agreed procedures. If no agreement can be reached the parties must file a joint statement indicating the points of agreement and disagreement for the Court's consideration. Any such agreed notice or joint statement must be filed a minimum of two days before Ms. Gersuk's anticipated testimony.

Finally, Plaintiff's request to exclude testimony concerning Ms. Gersuk's current mental health and/or the reason for allowing her to testify remotely, which has not been presented in a formal motion, is **DENIED WITHOUT PREJUDICE** to raising contemporaneous objections during trial. However, before eliciting testimony from Ms. Gersuk concerning her mental health or the reason for her remote testimony, Defendant must first ask to approach the bench so that the Court can consider any objections to such testimony at the appropriate time.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE