IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel.<br>PAUL DORSA, ) <br> ) <br>Plaintiff, ) <br> ) <br>v. ) <br> ) <br>MIRACA LIFE SCIENCES, INC., ) <br> ) <br>Defendant. ) | NO. 3:13-cv-01025<br><br>JUDGE CAMPBELL<br>MAGISTRATE JUDGE FRENSLEY |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion to Alter or Amend Judgment. (Doc. No. 313). Through the motion, Plaintiff seeks to amend the Judgment in this case by: (1) doubling the jury's back pay award; (2) awarding pre-judgment interest on the undoubled backpay in the amount of $1,346,109.91; (3) awarding pre-judgment interest on the compensatory damages award in the amount of $561,742.93; and (4) awarding post-judgment interest on the entire value of the Judgment and costs at the federal statutory rate.

For the reasons stated below, Plaintiff's motion will be GRANTED in part.

### I. BACKGROUND

Plaintiff initiated this action on September 20, 2013. (Doc. No. 1). As required by the False Claims Act, the Complaint was filed under seal to allow the Government time to investigate and determine whether to intervene. On November 15, 2013, Plaintiff amended the Complaint to add a retaliation claim. (Doc. No. 10). The Amended Complaint remained under seal until August 20, 2015, when Court partially unsealed the case to allow the Complaint to be disclosed to Miraca. (Doc. No. 19). After years of investigation, on November 26, 2018, the

United States intervened for purposes of settlement of the qui tam claims. (Doc. No. 70). The settlement did not resolve the retaliation claim. Active litigation on the retaliation claim did not begin until July 11, 2019, when the Court authorized service on Miraca.[1] (*See* Doc. No. 89).

Miraca asserted that the retaliation claim was subject to arbitration. Litigation of the arbitration issue lasted almost three years, until May 2022, and involved two interlocutory appeals by Miraca. In affirming the Court's order denying Miraca's motion to compel arbitration, the Sixth Circuit observed that Miraca's "tactics" and "inconsistent actions" had caused "unnecessary delay and expense." *United States ex rel. Dorsa v. Miraca Life Sciences, Inc.*, 33 F.4th 352, 358-59 (6th Cir. 2022).

The case proceeded to trial on December 10, 2024. On December 17, 2024, the jury returned a verdict in favor of Plaintiff and awarded him $732,298 in back pay and $292,919 in compensatory damages. (Doc. No. 308). The Court entered judgment reflecting that verdict. (Doc. No. 312). Plaintiff now seeks to amend the judgment to reflect doubling of backpay and pre and post-judgment interest.

## II.   ANALYSIS

### A.   Doubling Back Pay

The FCA requires the back pay award of $732,298 be doubled. 31 U.S.C. § 3730(h)(1),(2). Defendant does not dispute that doubling of the back pay award is required. Accordingly, the judgment will be amended to reflect that Plaintiff is entitled to two times the amount of back pay awarded, which equals $1,464,596.

---

[1]   Although the Complaint had been disclosed to Defendant in August 2015, it had not been served because service of the Complaint on the Defendant is prohibited "until the court so orders." 31 U.S.C. § 3730(b)(2).

## B. Post-judgment Interest

Under 28 U.S.C. § 1961(a), "[i]nterest shall be allowed on any money judgment in a civil case recovered in district court." The statute states that the rate of post-judgment interest is "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C.§ 1961(a). Defendant does not dispute that Plaintiff is entitled to interest on the judgment, amended judgment, and costs taxed by the Clerk of Court at the statutory rate. Accordingly, the Judgment will be amended to reflect an award of post-judgment interest at the statutory rate.

## C. Pre-judgment Interest on Back Pay

Plaintiff seeks interest on the undoubled back pay award at the maximum allowable rate in Tennessee of 10% per year compounded annually from Plaintiff's date of termination to the date of Judgment, which Plaintiff calculates as $1,346,109.91 on the back pay award of $732,298. Plaintiff argues that because the jury awarded Plaintiff the exact amount calculated by Defendant's expert, Chris Robinson, the Court should infer that the jury accepted his opinion that Defendant would have terminated Plaintiff without cause on January 8, 2014, and paid severance at that time. Although a portion of Mr. Robinson's calculation was attributed to lost earnings and benefits between September 25, 2013, and January 8, 2014, Plaintiff states that, for simplicity, he seeks an award of pre-judgment interest calculated from January 8, 2014.

Defendant also does not object to an award of pre-judgment interest on the undoubled backpay, but argues the interest period and rate sought by Plaintiff are too long and too high and would result in a "massive windfall."

3

The False Claims Act states that employees subject to retaliation "shall be entitled to all relief necessary to make that employee … whole," which shall include, among other things, "interest on the back pay." 31 U.S.C. 3730(h)(1), (2). When determining the appropriate rate of interest, the Court considers: (1) "[T]he remedial goal to place the plaintiff in the position that he or she would have occupied prior to the wrongdoing;" (2) "the prevention of unjust enrichment on behalf of the wrongdoer;" (3) "the lost interest value of money wrongly withheld;" and (4) "the rate of inflation." *Pittington v. Great Smokey Mountain Lumberjack Feud, LLC*, 880 F.3d 791, 807 (6th Cir. 2018).

Plaintiff argues a 10% interest rate is reasonable under the circumstances, including that the bulk of the award is attributable to a lump sum severance payment which would have been invested. Plaintiff submits that the Dow Jones Industrial Average, the S&P 500 and the NASDAQ Composite had annual returns of between 9.07% and 15.47% during the relevant period. Though Plaintiff's own investment returns were a more modest 6.65%, he states that if he had received the lump sum severance payment in 2014, he may have made less conservative investment decisions. Plaintiff argues a 10% interest rate is also justified to prevent Miraca from being unjustly enriched, noting that Miraca did not immediately hire anyone to replace him and therefore "freed up" the money that would have been spend on his salary. Investment opportunities aside, Plaintiff argues that an interest rate of at least 2.77% (compounded annually) would be required to keep pace with inflation. Finally, Plaintiff argues that a substantial award of pre-judgment interest is justified by Defendant's "prejudicial action in delaying resolution of the case," particularly the time spent litigating the issue of arbitrability.

Defendant argues pre-judgment interest should be calculated from the time the Complaint was unsealed on January 8, 2019, because Defendant was "unaware of the litigation"

until after that date and cannot be faulted for delaying the litigation during that time period. Defendant also argues that the retaliation claim would have proceeded more expeditiously if Plaintiff had filed it separately from the qui tam action and that because he chose not to do so, "the initial more than five-year delay in litigating Plaintiff's retaliation claim is entirely on him."

With regard to the appropriate rate of interest, Defendant submits the Court should calculate pre-judgment interest in accordance with 28 U.S.C. § 1961, to reflect the time-value of money. Defendant argues the 10% rate Plaintiff seeks would result in a "massive windfall" for Plaintiff and go beyond making him whole.

Pre-judgment interest is typically calculated from the date the claim accrues. The Court finds no cause to differ from that standard here. The purpose of an award of pre-judgment interest is to make the Plaintiff whole. This can only be accomplished through an award of interest from on the date of wrongful termination through judgment. For purposes of this motion and simplicity of calculations, Plaintiff asserts that date is January 8, 2014. It goes without saying that the litigation in this matter was unusually long, but that does not mean that the time period for calculation of interest should be adjusted. While the case was being litigated, Defendant, rather than Plaintiff, had the benefit of use of the funds ultimately awarded to Plaintiff. An award of pre-judgment interest covering this period serves only to make Plaintiff whole. Therefore, no adjustment of the period is warranted and pre-judgment interest on the back pay award shall be calculated from Plaintiff's proposed date of January 8, 2014. With regard to the rate of interest, the Court finds that an interest rate of 6.65%, which is Plaintiff's stated return on his own investments during this period, will serve the remedial purpose of the award of interest, which is to make the Plaintiff whole.

### D. Pre-judgment Interest on Compensatory Damages

Plaintiff also seeks pre-judgment interest on compensatory damages. Defendant argues an award of interest on compensatory damages is not warranted because the statute requires interest only on the back pay award and because Plaintiff was not deprived the use of any money for non-economic damages included in the award of compensatory damages. *See Hopkins v. Nichols*, 2024 U.S. Dist. LEXIS 164386, at *3-4 (M.D. Tenn. Sept. 12, 2024) (declining to award pre-judgment interest on the award of non-economic damages because plaintiffs were not deprived the use of that money); *Umfress v. City of Memphis*, 2020 U.S. Dist. LEXIS 261844, at *3 (W.D. Tenn. Oct. 19, 2020) ("Pre-judgment interest is necessary with an award of backpay because Plaintiff was wrongfully deprived of the time-value of her wages. The same is not true for non-economic damages, where the jury is asked to assess the full extent of injury and damages, and she is not entitled to be repaid for the time value of the § 1983 award."). Accordingly, the Court finds an award of pre-judgment interest on the compensatory damages award is not warranted.

### III. CONCLUSION

For the reasons stated, the motion to amend the judgment is **GRANTED** in part and **DENIED** in part as follows:

1. The back pay award will be doubled pursuant to 31 U.S.C. § 3730(h)(1),(2), for a total back pay award of $1,464,596 ($732,298 x 2).

2. Plaintiff is entitled to post-judgment interest pursuant to 28 U.S.C.§ 1961(a).

3. Plaintiff is awarded pre-judgment interest on the undoubled backpay award for the period from January 8, 2104, through the date of judgment at a rate of 6.65% compounded annually.

4.  Plaintiff's request for an award of pre-judgment interest on compensatory damages is **DENIED**.

On or before May 16, 2025, Plaintiff shall file a Notice with revised calculations of pre-judgment on the undoubled backpay award consistent with this ruling. The Court will then enter an amended judgment.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE